# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS LUYTEN, | Civil Action No. 2: 12-cv-0967 |
| Plaintiff, | |
| | Senior United States District Judge |
| v. | Maurice B. Cohill, Jr. |
| JOHN FULMER, et al., | |
| Defendants. | |

## MEMORANDUM ORDER

Before the court is an appeal [ECF No. 19] filed by Plaintiff Louis Luyten requesting review of the magistrate judge's Memorandum and Order dated November 7, 2014 [ECF No. 17] (the "Order"),[1] denying his Motion for Appointment of Counsel. Upon review of the matters raised by the appeal, the court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion.

### Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* FED. R. CIV. P. 72(a), (b);

---

[1] Plaintiff has in fact requested the appointment of counsel on three separate occasions: August 18, 2014 (ECF No. 14), which request was denied without prejudice by Text Order of August 29, 2014; on October 10, 2014 (ECF No. 16), which request is the subject of this appeal and was denied without prejudice by Order of November 3, 2014 (ECF No. 17); and on November 7, 2014 (ECF No. 18), which was denied without prejudice by Text Order of November 14, 2014.

1

Local Civil Rule 72.1(C)(2); see Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986).

In this case, the magistrate judge's November 3, 2014, Order is nondispositive and will not be disturbed unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985) (citing United States v. United States Gypsum Co., 333 U.S. 364 (1948)). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998).

## Discussion

Upon review of the record in this matter, the court finds that the decision of the magistrate judge to deny Plaintiff's request for appointment of counsel was neither clearly erroneous nor contrary to law.

As the magistrate judge explained, the court has authority "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). In Tabron v. Grace, the United States Court of Appeals for the Third Circuit announced the factors that are to be considered by a district court in deciding whether to exercise its discretion and seek counsel for an indigent litigant in a civil case. 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). Following Tabron, the first consideration by a district court should be whether the plaintiff's claim has "some merit in fact and law." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir.1997) (citing Tabron, 6 F.3d at 157).

The Court notes that this case has only recently been reopened and Defendants have not been served with process. In fact, Plaintiff has until December 5, 2014, to return to the Court the papers necessary to effectuate service on the Defendants. Given the early stage of the litigation, the Court agrees with the magistrate judge that, while the case may present complex credibility determinations, at the present stage it is too early to make that determination.

As a *pro se* litigant Plaintiff will have the benefit of Haines v. Kerner, 404 U.S. 519 (1972) and its progeny, which provides that courts must liberally construe *pro se* pleadings. Considering the severe shortage of attorneys with experience and knowledge in this area of the law, who are also willing to take these cases pro bono, it does not appear that this case merits a request by this court for counsel to represent him pursuant to 28 U.S.C. § 1915(e) at this point in the litigation. Additionally, Plaintiff has made no showing that he has made any attempt to retain counsel himself. Furthermore this Court notes that Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." Should the case survive any dispositive motions and appear ready to proceed to trial, the Court will reconsider this request.

For all these reasons, the Court finds that Plaintiff has not shown that the magistrate judge's ruling was clearly erroneous or contrary to law. Accordingly, Plaintiff's appeal is **DENIED**.

It is so **ORDERED** on this the 24th day of November, 2014.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc:  LOUIS LUYTEN
     29882-050
     USP Leavenworth
     PO Box 1000
     Leavenworth, KS 66048